## HENRY CRANDALL vs. JOHN JOHNSON.

### PROVIDENCE—JUNE 21, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Deeds. Seals. Covenants. Assumpsit.*

Gen. Laws cap. 202, § 4, dispensing with the necessity of seals upon deeds, did not abolish deeds or change the rules of common-law pleading, with respect to them; hence an action of assumpsit, brought to recover damages for breach of covenants of a lease under seal, will not lie.

ASSUMPSIT. Heard on petition of plaintiff for new trial, and denied.

PER CURIAM. This is an action of assumpsit brought to recover damages for breach of the covenants of a lease. The jury found for the defendant, and the plaintiff prays for a new trial.

It would be useless to grant a new trial, for the plaintiff could not recover in this form of action in any event. The lease is executed in due form under the hands and seals of both parties, and the attestation clause, calling attention to that fact, shows that the frame of the document was intentional.

The statute of 1896, which dispensed with the necessity of seals upon deeds, did not abolish deeds or change the rules of common-law pleading with respect to them, and the statute still leaves it to the option of the contracting parties to use seals if they choose. The action of assumpsit will only lie upon a simple contract, not upon a specialty. 1 Ch. Pl. *99.

Petition for new trial denied, and cause remanded to the Common Pleas Division for judgment as of nonsuit.

*E. D. Bassett*, for plaintiff.

*P. H. Quinn*, for defendant.